**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ROCHELLE GLASGOW, *et al.*, | ) CASE NO. 5:21-cv-2001 |
| Plaintiffs, | ) |
| v. | ) JUDGE DAVID A. RUIZ |
| RONALD BEERS, *et al.*, | ) |
| | ) **ORDER** |
| Defendants. | ) |

On October 21, 2021, Plaintiffs[1] filed their Complaint against defendants Gospel Light Mennonite Church Medical Aid Plan Inc. doing business as Liberty Healthshare (Liberty), Medical Cost Savings Solution LTD (MCS), Cost Sharing Solutions LLC (CSS),[2] Savnet International LLC (Savnet), Ronald Beers, Daniel J. Beers, Daniel Beers Jr., Benjamin Beers, Rachel Beers, Druzilla J. Abel, Pamela K. Johnson (Johnson), Thomas Fabris, Brandon Fabris, Douglas D. Behrens, Dale E. Bellis, and Matt Bellis. (R. 1). The Complaint alleges the following eight counts: (1) breach of contract and covenant of good faith and fair dealing against defendant Liberty; (2) money had and received against all defendants; (3) unjust enrichment against defendant Liberty; (4) civil RICO [Racketeer Influenced and Corrupt Organizations Act] action against defendants Liberty, CSS, MCS, and SavNet; (5) conversion against all defendants; (6)

---

[1] The named Plaintiffs are four private individuals who reside outside of the State of Ohio. The Ohio Attorney General is listed as a "nominal Plaintiff." (R. 1). The complaint includes class action allegations, and the proposed class is defined as "all current and former participants in Liberty plans from 2013 forward who have made periodic payments to Liberty to participate in plans presented as HCSMs." (R. 1, PageID# 44, ¶ 140).

[2] It is alleged in the Complaint that MCS and CSS are alter-egos of an individually named defendant and that the corporate veil should be pierced. (R. 1, PageID# 41-44).

breach of fiduciary duty against all defendants;[3] (7) intentional, or alternatively, negligent misrepresentation against all defendants;[4] and (8) an accounting against all defendants.[5]

On January 21, 2022, defendant Douglas Behrens filed a Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e). (R. 34). On January 25, 2021, Benjamin and Rachel Beers filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to set forth direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.[6] (R. 37). On the same date, defendants Matt Bellis and Pamela K. Johnson ("Johnson") raised a similar Rule 12(b)(6) argument in their motion to dismiss. (R. 39). Alternatively, they move the

---

[3] Although directly under Count VI of the Complaint it is stated that breach of fiduciary duty is being alleged "as to Defendant Liberty," each paragraph of the Count references simply "Defendants" collectively. Thus it is unclear if the Complaint is alleging breach of fiduciary duty against multiple, unidentified Defendants, or only Defendant Liberty. (R. 1, PageID# 61-64).

[4] Count VII is also confusing as it meanders between an allegation against an unspecified defendant, possibly Liberty, but also includes multiple references to undefined "Defendants." (R. 1, PageID# 65-67).

[5] Yet again, the Complaint states Count VIII is maintained "as to Defendant Liberty," but states that it seeks an order, "requiring Defendants to produce said accounting according to law and for the public's benefit." (R. 1, PageID# 67).

[6] The bulk of the brief is devoted to the Rule 12(b)(1) argument alleging that a Settlement Agreement entered between various defendants and the Ohio Attorney General (OAG) render the claims in the present Complaint moot. (R. 37). Only a single paragraph is devoted to the Rule 12(b)(6) argument. (R. 37, PageID# 389). On the same date, defendants Thomas Fabris, Brandon Fabris, Daniel J. Beers, Daniel Beers II, Ronald Beers, MCS and CSS (collectively "Vendor Party Defendants") moved to dismiss the Complaint raising a similar lack of subject matter jurisdiction argument. (R. 36). Similarly, defendants Liberty Healthshare, Druzilla J. Abel, and Dale E. Bellis (collectively the "Liberty Defendants") filed a motion to dismiss also arguing that the Court lacks subject matter jurisdiction due to the alleged mootness of Plaintiffs' claims on the basis of a separate Settlement Agreement with the OAG. (R. 41). The argument that Settlement Agreements with the OAG moot the instant action are *not* addressed on their merits herein.

Court for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e). *Id*.

### I. Motions to Dismiss for failure to State a Claim

**A. Fed. R. Civ. P. 12(b)(6) Standard**

When ruling upon a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), a court must accept as true all the factual allegations contained in the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L.Ed. 2d 1081 (2007); *accord Streater v. Cox*, 336 Fed. App'x 470, 474 (6th Cir. 2009). Nonetheless, a court need not accept conclusions of law as true, and considers the motion pursuant to the following standard:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557, 127 S. Ct. 1955, 167 L.Ed. 2d 929.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

**B. Factual Allegations against Pamela Johnson, Matt Bellis, Benjamin Beers and Rachel Beers**

As this Order only rules upon the merits of the Rule 12(b)(6) motions filed by defendants Benjamin Beers and Rachel Beers (R. 37) and defendants Johnson and Matt Bellis (R. 39), as well as the Rule 12(e) motion for more definite statement filed by defendant Behrens addressed separately below, the Court restricts its recitations of the factual allegations to those alleged against these specific defendants. The entirety of the allegations against defendants Benjamin Beers and Rachel Beers consists of five mentions each in the complaint setting forth their family relationships with other named defendants.

First, in a paragraph identifying Daniel J. Beers as a defendant, it is stated that he is the father of both Benjamin Beers and Rachel Beers. (R. 1, PageID# 10, ¶23). Thereafter, Benjamin Beers is identified as an individual residing in Stark County, Ohio, and it is repeated that he is Daniel J. Beers' son and nephew of defendant Drudy Abel. (R. 1, PageID# 11, ¶26). His siblings are also mentioned. *Id*. Similarly, Rachel Beers is identified in the following paragraph as an individual residing in Stark County, Ohio, and it is repeated that she is Daniel J. Beers' daughter and "Board member Drudy Abel's nephew [sic?]." (R. 1, PageID# 11, ¶27). Her siblings are also mentioned. *Id*. The familial relationship of these Beers children is also repeated in the paragraphs discussing Ronald Beers and Daniel Beers, Jr. (Rachel Beers' and Benjamin Beers' brothers) and their aunt Druzilla "Drudy" Abel. (R. 1, PageID# 11-12, ¶¶24-25 & 28). Unlike their family members, it is not alleged that Benjamin Beers and Rachel Beers were owners, directors, officers, employees, or even shareholders of any of the named defendant corporations or LLCs. No other specific allegations are made against Benjamin Beers and Rachel Beers.

The Complaint's only meaningful mention of defendant Matt Bellis is that he resides in

4

Lancaster county, Pennsylvania, and that he was "a member of the 'Affiliated Enterprises' described hereinbelow at all relevant times." (R. 1, PageID# 13, ¶34). Defendant Johnson is alleged to live in Stark county, Ohio and to be the sister of defendant Daniel J. Beers. (R. 1, PageID# 12, ¶29). It is also alleged that Johnson was named in a verified complaint by the Ohio attorney general in connection with a company named Benevolent Health Systems, LTD ("BHS"), a company not named as a defendant herein. (R. 1, PageID# 17, ¶48). A subsequent paragraph indicates that in a Form 990 for 2019, defendant Drudy Abel, Liberty's CEO at the time, disclosed the following family relationships in Schedule L:

> Cheryl Foster (Spouse), Administrative Services, **Matthew Bellis** (Son), Administrative Services, **Pamela Johnson** (Sister), Administrative Services, Druzilla B Heim (Daughter), Administrative Services and Emily Braucher-Abel (In-Law), Administrative Services.

(R. 1, PageID# 35, ¶111) (emphasis added). Neither Matt Bellis nor Johnson are mentioned in the Complaint again.

**C. Analysis**

Defendants argue that the paucity of allegations against them are insufficient to satisfy *Twombly*'s requirement that a claim must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (*See*, *e.g.*, R. 37, PageID# 389; R. 39-1, PageID# 423-24). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Mathis v. AT & T SBC Commc'ns*, No. 2:10-CV-1090, 2011 WL 4829697, at *2 (S.D. Ohio Oct. 6, 2011) (citations omitted); *cf. Buster v. City of Cleveland*, No. 1:09 CV 1953, 2010 WL 330261, at *4 (N.D. Ohio Jan. 21, 2010) (Polster, J.) (finding a plaintiff "cannot establish the liability of a defendant absent a clear showing that the

defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior."). In their reply, Defendants Bellis and Johnson assert that "[t]o meet notice pleading requirements, allegations against a defendant must at least set forth minimal facts as to who did what to whom, when, where, and why." (R. 56, PageID# 876) (*citing Calvi v. Knox Cnty.*, 470 F.3d 422, 430 (1st Cir. 2006) ) ("[I]n a civil rights action, *as in any other civil action subject to notice pleading requirements*, the statement of claim must at least set forth minimal facts as to who did what to whom, when, where, and why.") (emphasis added)).

Plaintiffs contend that they provided fair notice of the claims against these defendants pursuant to Fed, R. Civ. P. 8(a). (R. 51). Plaintiffs assert that their "255-paragraph Complaint alleges specific facts regarding how Liberty was conceived, how it operates in conjunction with its affiliated enterprises, how it is a sham HCSM, the roles of each defendant according to their respective relationships and roles, and the claims against them." (R. 51, PageID# 576).

The Court disagrees that Plaintiffs have satisfied the pleading standards against defendants Matt Bellis, Pamela Johnson, Benjamin Beers, and Rachel Beers. While Plaintiffs have indeed alleged a rather wide-ranging scheme by various defendants, notably absent is any real allegation that *these* defendants had any role in the alleged scheme. The volume of the allegations does not obscure the fact that the only allegation against Benjamin Beers and Rachel Beers is that they have a family relationship with other individually named defendants who were officers, directors, or owners of various defendant entities. The family relationships of Benjamin Beers and Rachel Beers do not come close to meeting the *Twombly* and *Iqbal* pleading standards. The pleadings do not satisfy the plausibility standard, but rather seem to speculate that there is a *possibility* that Benjamin Beers and Rachel Beers may somehow have been involved in the alleged scheme due to their familial connection to other defendants. This mere possibility is

simply not enough.

With respect to defendant Johnson, aside from the allegation of familial relationships with other defendants, the Complaint's only allegations beyond those asserted against Benjamin Beers and Rachel Beers are that Johnson was listed on a Form 990 and the subject of a verified complaint by the OAG in an unrelated case. As to defendant Matt Bellis, the only allegations are that he was also listed on a Form 990 and there is a vague allegation that he is a "member" of the "affiliated enterprises." While these allegations are a sliver more detailed than those against Benjamin Beers and Rachel Beers, vague allegations of membership or past involvement with other similar companies also does not rise to the level of plausibility. In other words, using the standard set forth in the *Calvi* case, the complaint fails to set forth "who did what to whom, when, where, and why" as it relates to Matt Bellis and Pamela Johnson. To the contrary, it is not alleged that they did anything or that they even had any material role with any of the named corporate defendants.

Because the pleadings against defendants Matt Bellis, Pamela Johnson, Benjamin Beers, and Rachel Beers are deficient, the Court dismisses these defendants *without* prejudice. The Court does not find that there are no facts that Plaintiffs could allege, as a matter of law, to state a cause of action against these defendants. Rather, Plaintiffs have simply failed to allege any claims against these defendants with the requisite level of specificity, and the vague allegations fail to give defendants adequate notice.

The Court, however, observes that the parties' Report of Planning contemplated an amendment cut-off date be set at least 120 days after the Court's rulings on Defendants' pending Rule 12 motions. (R. 66, PageID# 930). In addition, "It is also beyond question that leave to amend a pleading under Fed.R.Civ.P. 15 should be freely granted when 'justice so requires.'

7

This rule is well-established and grounded in the sound principle that cases should be determined on their merits whenever possible." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, No. 09-CV-144, 2010 WL 9459056, at *4 (S.D. Ohio July 15, 2010) (*citing Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Therefore, the Court grants Plaintiffs leave to file an Amended Complaint within thirty (30) days of today's order. The Amended Complaint shall either attempt to cure the identified pleading deficiencies against the aforementioned defendants or, alternatively, the Amended Complaint should remove these defendants.[7] The Court notes that the leave to file an Amended Complaint is *not* limited in scope to altering the allegations against the aforementioned defendants (or defendant Behrens). Because the Court prefers to avoid piecemeal amendments, Plaintiffs may amend the complaint without limitation.

## II. Motion for More Definite Statement

### A. Factual Allegations Against Defendant Behrens

With respect to defendant Behrens, it is alleged that he is one of Liberty's founders, and that he also founded defendant SavNet—a for-profit LLC whose telephone number is identical to defendant Liberty's phone number. (R. 10, PageID# 10, ¶22). It is alleged that he is "a former

---

[7] "A district court's denial of a motion for leave to amend a complaint [is reviewed] for abuse of discretion." *Nino v. Flagstar Bank, FSB*, 766 Fed. App'x 199, 201–02 (6th Cir. 2019). Although Plaintiffs have not sought leave to amend in connection with the Rule 12 motions filed by the defendants, the Court believes the interests of justice favor allowing for a leave to amend. Dismissal *with* prejudice is more appropriate where a party already filed an amended complaint but failed to address deficiencies identified in a prior motion to dismiss. *Id.* at 204. Similarly, dismissal *with* prejudice may also be appropriate where a plaintiff has set forth a proposed amended complaint in a response to a motion to dismiss that fails to cure the earlier pleading's shortcomings. *See, e.g., Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) ("A court is within its discretion to refuse amendment and dismiss the complaint if it 'concludes that the pleading as amended could not withstand a motion to dismiss.'") (citation omitted). The case at bar, however, stands in a different procedural posture.

Director of LHS … Defendant Dale Bellis' former business partner," and the owner of defendant SavNet, an affiliated company to Liberty. (R. 1, PageID# 12, ¶32). It is further alleged that "[a]s such, he owed Liberty, its members, Plaintiffs, and putative Class Members a fiduciary duty of care and loyalty at all relevant times." *Id*. The Complaint further alleges that:

> 50. In 2012, Defendants Douglas D. Behrens, Drudy Abel, and Dale E. Bellis formed and incorporated Liberty HealthShare Council, Inc. ("LHC"), a non-profit corporation in Ohio, to purportedly establish a comprehensive system of family oriented medical cost-sharing services nationally and internationally; the making of contributions and distributions to benefit those without the ability to pay health care expenses; and to establish and maintain medical clinics serving those without or with insufficient health care insurance coverage.
>
> 51. Defendants planned to reap significant illegal profits by misusing the laws regarding HCSMs to avoid federal and state insurance laws (including those laws that regulate and limit the percentage of funds that an insurer collects that may be kept for the insurer's own purposes), and to offer to consumers like Plaintiffs and the Class Members what was in fact illegal insurance, similar to the BHS scheme, but on a much larger scale.

(R. 1, PageID# 18, ¶¶50-51) (footnotes omitted). It is also alleged that defendant Behrens was a former member of Liberty's Board of Directors. (R. 1, PageID# 19, ¶56).

Defendant Behrens takes issue with the Complaint's general failure to delineate the defendants with any specificity, and correctly points out that Complaint makes use of the terms "an individual Defendant", "Defendants," "corporate Defendant", "Defendants' Enterprises(s)" , "Defendant corporations", "Defendant alter-ego corporations" and even "RICO Defendants," but fails to specifically define these groupings anywhere in the Complaint. (R. 34).

Plaintiffs contend that the Complaint gives defendant Behrens adequate notice of the allegations asserted against him. Fed. R. Civ. P. 12(e) states:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details

9

desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Plaintiff argues that, "[b]y its plain language, Rule 12(e)'s purpose is to ensure a defendant knows what he is charged with so he can prepare a true and accurate response." (R. 48, PageID# 554) (*citing E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) ("Federal courts generally disfavor motions for more definite statements."); *Thorpe v. Wal-Mart Stores, Inc.*, No. 5:16CV1247, 2016 WL 4098426, at *1 (N.D. Ohio Aug. 2, 2016) ("Motions for a more definite statement are designed to address unintelligibility rather than a lack of detail.")).

Despite Plaintiffs' failure to delineate the various groupings of defendants, the allegations against defendant Behrens are not so vague as to be unintelligible or to prejudice his ability to formulate an answer. Put simply, the Complaint sufficiently alleges that defendant Behrens, among others, founded defendant Liberty HealthShare, which, according to the Complaint, was a sham faith-based healthcare sharing ministry that failed to direct funds toward the payment of members' medical costs but rather illegally diverted premiums received from members to purposes other than the payment of benefits. It further alleges that defendant Behrens founded and ran defendant SavNet, which acted in concert with defendant Liberty. *See In re Nat'l Prescription Opiate Litig.*, No. 1:18-OP-45090, 2018 WL 4895856, at *20 (N.D. Ohio Oct. 5, 2018), *report and recommendation adopted in part, rejected in part*, No. 1:17-MD-2804, 2018 WL 6628898 (N.D. Ohio Dec. 19, 2018) (noting that where an illicit conspiracy is alleged, "it is unsurprising that Plaintiffs cannot connect each dot in the conspiracy without the benefit of discovery, as the evidence necessary to prove their allegations, if it exists, undoubtedly lies primarily in the hands of Defendants").

Therefore, the motion for a more definite statement is not well taken and it is DENIED.

Nevertheless, as stated above, Plaintiffs are granted leave to file an Amended Complaint. In so doing, Plaintiffs shall clearly delineate and define the various groupings of defendants when making their averments, and clarify the named defendant(s) in Counts VI, VII, and VIII as discussed in footnotes 3 through 5, *supra.*

### III. Conclusion

For the foregoing reasons, the motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (R. 37) filed by Benjamin Beers and Rachel Beers is GRANTED in part and DENIED part. The motion is granted to the extent it moves for dismissal based on Rule 12(b)(6), and these defendants are dismissed without prejudice. The motion is denied without prejudice as moot to the extent it moves for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. *See, infra*.

The Rule 12(b)(6) motion filed by defendants Matt Bellis and Pamela K. Johnson (R. 39) is also GRANTED, and these defendants are dismissed without prejudice. Because the motion is granted, this Order need not address the alternative relief sought by the motion (*i.e.* motion for more definite statement).

The Rule 12(e) motion for more definite statement filed by defendant Behrens (R. 34) is hereby DENIED for the reasons stated above.

Finally, the Court hereby DENIES the remaining motions to dismiss (R. 36 & 41) without prejudice as moot in anticipation of Plaintiffs filing an Amended Complaint.[8] "In light of the anticipated amended complaint, the court will deny defendants' motion to dismiss without

---

[8] The Rule 12(b)(1) subject matter jurisdiction arguments raised in these motions and accompanying briefs (R. 36, 37 & 41) are *not* being denied on their merits, and may be reasserted in response to the Amended Complaint.

prejudice." *Hockstein v. Barra*, No. 14-11277, 2017 WL 11630297, at *2 (E.D. Mich. Aug. 4, 2017).

Plaintiffs shall have thirty (30) days to file their Amended Complaint, as addressed herein.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 30, 2022