**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROCHELLE GLASGOW et al.** | ) | CASE NO: 5:21-cv-02001-DAR |
| | ) | |
| Plaintiffs, | ) | JUDGE DAVID R. RUIZ |
| | ) | |
| v. | ) | DEFENDANTS' MOTION IN |
| | ) | OPPOSITION TO PLAINTIFFS' MOTION |
| **DANIEL J. BEERS et al.,** | ) | FOR LEAVE TO FILE SUPPLEMENTAL |
| | ) | PLEADINGS; |
| Defendants. | ) | |
| | ) | DEFENDANTS MOTION TO STRIKE |
| | ) | PLAINTIFFS' MOTION FOR LEAVE TO |
| | ) | FILE SUPPLEMENTAL PLEADINGS AND |
| | ) | DEFENDANTS MOTION FOR |
| | ) | ATTORNEY FEES |

Now come Defendants, Thomas Fabris, Brandon Fabris, Daniel J. Beers, Daniel Beers II, Ronald Beers, The Medical Cost Savings Solutions, LTD ("MCS") and Cost Sharing Solutions, LLC ("CSS"), (collectively "Vendor Party Defendants"), by and through the undersigned counsel, and hereby file their Motion in Opposition and Motion to Strike Plaintiffs' Motion for Leave to file Supplemental Pleadings and further a Motion for Attorney Fees.

**I.   INTRODUCTION**

The Plaintiffs in this action filed their Complaint on October 21, 2021. Counsel for Vendor Party Defendants advised Counsel for Plaintiffs of a settlement with the OAG and Plaintiffs' ability to request directly from the OAG on behalf of their clients under the Settlement Agreement's terms.[1] This did not satisfy the Plaintiffs and after extensive briefing, which included Motions to Dismiss and a Motion for Clarification, the Court provided a window of time for the

---
[1] See Doc#: 79-2, PageID#: 1181.

1

Plaintiffs to file their First Amended Complaint, to which they did on November 14, 2022. The Court previously ruled that the Defendants could refile their Motions to Dismiss, to which Defendants did on November 23, 2022 pursuant to Civ. R. 12(B)(1). All Motions to Dismiss are pending before the Court and have been fully briefed.

This Supplemental Complaint filed by the Plaintiffs nearly eighteen months from their initial Complaint does not contain any nexus to any current or previously pled facts or claims. It is an article written by non-parties designed to grab an internet readers' attention. It is a desperate attempt to incite this Court to retain a case which is clearly ripe for dismissal. Plaintiffs fail to meet the standard set forth in Federal Rule of Civil Procedure 15(d) and their pleadings should be stricken from the record, and Defendants' attorney fees for responding to such a tactic should be awarded to Defendants.

## II. LAW AND ARGUMENT

Federal Rule of Civil Procedure Rule 15(d) provides that a court may, on just terms, permit a party to serve a supplemental pleading. "As with motions for leave to amend pleadings, *absent undue delay, bad faith, dilatory tactics, undue prejudice* to the party to be served with the proposed pleading, or futility, the motion should be freely granted."[2] Under Rule 15, the Court may consider the following factors in deciding to grant a motion to file a supplemental complaint: "undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party."[3]

The Supplemental Complaint is merely notice to the Court of a highly inflamed article from a politically driven news media. This notice is without any identifiable justification under the

---

[2] *Klein v. PetroChina Co. Ltd.*, 644 Fed. Appx. 13, 15 (2d Cir. 2016).
[3] *Knight Cap. Partners Corp. v. Henkel AG & Co.*, KGaA, 930 F.3d 775, 786 (6th Cir. 2019) (citing *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 805 (6th Cir. 2005); see also *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L Ed. 2d 222 (1962); *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994).

law. Plaintiffs have completely failed to address how their supplement provides evidentiary support to the facts or allegations in their First Amended Complaint.

Plaintiffs' nexus is non-existent between the non-party internet article, a resolved matter from over twenty years ago, and/or other various public documents attached in their Motion to the First Amended Complaint. Both the article, the decades old complaint, and the various other documents are in violation of Rule 15(d). This Motion practice was simply done to distract the Court and create prejudice towards the Defendants.

It is unfortunate that Plaintiffs have continued to pursue an action which is resolved and to which a fund managed by the Ohio Attorney General exists for any potential claimants. The assertion of this supplemental complaint comes after the Plaintiffs had numerous Motions to Dismiss filed against them. Plaintiffs knew or should have known that this legal tactic is inappropriate and has needlessly caused Defendants to respond causing further fees and costs in this action. This case cannot set a precedence that character assassination articles written by non-parties for internet readers precludes a dismissal of a case based on sound law. Therefore, the Supplemental Complaint should be stricken and attorney fees should be awarded for this frivolous, unwarranted attempt to include inflammatory attachments without any nexus to Plaintiffs' alleged claims.

### III.  CONCLUSION

Based on the foregoing reasons, the Court should deny Plaintiffs Motion for Leave to File their Supplemental Complaint and strike Plaintiffs Motion for Leave to File their Supplemental Pleading as Plaintiff fails to address how the article, written by a non-party supports any of their existing claims or facts.

        Respectfully Submitted,

        /s/ Laura Mills_____
Laura L. Mills, Esq. (0063011)
Pierce C. Walker, Esq. (0097312)
Mills, Mills, Fiely & Lucas, LLC
101 Central Plaza South, Suite 1200
Canton, Ohio 44702
P: 330.456.0506
F: 855.764.3543
Email: LMills@MMFLlaw.com
PWalker@MMFLlaw.com

and

/s/ Richard Arnold_____
Richard W. Arnold (0063367)
Arnold & Associates, Ltd.
3458 Massillon Rd.
Uniontown, OH 44685
P: 330-563-4036
F: 234-294-0033
rarnold@asalawfirm.com

*Counsel for Defendants Daniel J. Beers, Daniel Beers II., Thomas Fabris, Brandon Fabris, Ronald Beers, Cost Sharing Solutions, LLC and The Medical Cost Savings Solution, LTD.*

**CERTIFICATE OF SERVICE**

The foregoing was served via this Court's E-Filing system this 14th day of March 2023 to the following:

George W. Cochran, Esq.
1981 Crossfield Circle
Kent, Ohio 44240
VIA EMAIL lawchrist@gmail.com

**JOHNSON FISTEL, LLP**
Michael I. Fistel Jr., Esq.
William W. Stone, Esq.
Oliver S. Tum Suden, Esq.
40 Powder Springs Street
Marietta, GA 30064
VIA EMAIL   MichaelF@johnsonfistel.com
            WilliamS@johnsonfistel.com
            OliverT@johnsonfistel.com

Chase M. Stern, Esq.
655 West Broadway, Suite 1400
San Diego, CA 92101
VIA EMAIL ChaseS@johnsonfistel.com
*Counsel for Plaintiffs*

Ronald S. Kopp, Esq
Emily K Anglewicz, Esq.
Rachael L. Russo, Esq.
Lindsay A. Casile, Esq.
Roetzel & Andress, LPA
222 South Main Street, Suite 400
Akron, OH 44308
VIA EMAIL   rkopp@ralaw.com
            eangelwicz@ralaw.com
            rrusso@ralaw.com
            leasile@ralaw.com

*Counsel for Defendants Gospel Light Mennonite Church Medical*
*Aid Plan, Inc. d/b/a/ Liberty Healthshare, Druzilla J. Abel,*
*Dale E. Bellis, Matt Beliis and Pamela K. Johnson*

                                               /s/ Laura Mills_____
                                               Laura L. Mills (0063011)