IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROCHELLE GLASGOW, *et al.*, | CASE NO. 5:21-CV-02001-DAR |
| Plaintiffs, | |
| vs. | JUDGE DAVID A. RUIZ |
| DANIEL J. BEERS, *et al.*, | |
| Defendants. | |

**DEFENDANT GOSPEL LIGHT MENNONITE CHURCH MEDICAL AID PLAN, INC. D/B/A LIBERTY HEALTHSHARE'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING**

**AND**

**MOTION TO STRIKE**

Defendant Gospel Light Mennonite Church Medical Aid Plan, Inc. d/b/a Liberty Healthshare ("Liberty"), by and through counsel, hereby submits its Memorandum in Opposition to Plaintiffs' Motion for Leave to File Supplemental Pleading (ECF No. 96) and moves to strike the same from the record in this case.

**I.      Introduction.**

Plaintiffs filed their original Complaint in this case seventeen months ago. (ECF No. 1, Complaint, filed 10/21/21.) After an initial round of motions to dismiss by Liberty and other defendants, this Court permitted Plaintiffs to amend their Complaint, giving them considerable leeway as to how to structure the amended pleading. (*See* 9/30/22 Order, ECF No. 72, PageID #965) ("The Court notes that the leave to file an Amended Complaint is *not* limited in scope . . . Because the Court prefers to avoid piecemeal amendments, Plaintiffs may amend the complaint without limitation.") (Emphasis sic.) However, Plaintiffs failed to avail themselves of this

opportunity as their First Amended Complaint is, in most respects, substantially similar to their initial Complaint. (*Compare* Complaint, ECF No. 1 *with* First Amended Complaint, ECF No. 76.)

Liberty, along with other Defendants, moved to dismiss Plaintiffs' First Amended Complaint. (*See, e.g.,* ECF No. 86, Liberty's Motion to Dismiss.) Liberty asserted principally that Plaintiffs' claims are moot pursuant to the *parens patriae* doctrine in light of settlement agreements with the Ohio Attorney General (OAG) and should be dismissed under Rule 12(b)(1). Alternatively, Liberty's Motion to Dismiss provides that Plaintiffs' claims are precluded by res judicata and must be dismissed in accordance with Rule 12(b)(6). (*Id*.) All Motions to Dismiss have been fully briefed and are ripe for decision.

Plaintiffs' Supplemental Complaint is wholly improper for multiple reasons. First, it is not a supplemental pleading at all under the meaning of Fed. R. Civ. P. 15(d). Rather, the "Supplemental Complaint" consists of a highly inflammatory article—based in part on anonymous sources—about events that occurred *prior* to the filing of the First Amended Complaint. Plaintiffs simply copied and pasted this article into pleading form. That does not somehow cure the fact that it is inadmissible hearsay under Fed. R. Evid. 801(c). Plaintiffs' tactics are improper under the Federal Rules of Civil Procedure and the Federal Rules of Evidence and Plaintiffs knew or should have known this when they filed their Motion requesting to supplement. And in any event, Plaintiffs' request would be futile as the proposed amendment would not impact the outcome of the pending Motions to Dismiss.

In addition, Liberty would be highly prejudiced if the Court permitted Plaintiffs to supplement in this way. Plaintiffs have filed their Motion to File a Supplemental Pleading for dilatory reasons and not in good faith. For all of these reasons, the Court should deny Plaintiffs' Motion for Leave to File a Supplemental Pleading and the same should be stricken from the record.

## II. Law and Argument.

Federal Rule of Civil Procedure 15(d) ("Rule 15(d)") governs supplemental pleadings. It provides, in pertinent part, that "the court *may*, on *just terms*, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event *that happened after the date of the pleading to be supplemented*." Fed. R. Civ. P. 15(d) (emphasis added). Further, "[l]ike any complaint plaintiffs' proposed supplemental complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Envtl. Law & Policy Ctr. v. United States Envtl. Agency*, 349 F. Supp. 3d 703, 709 (N.D. Ohio 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

The Court's decision on a motion for "leave to file such a supplemental pleading[,] rests in the discretion of the trial court[.]" *Schuckman v. Rubenstein*, 164 F.2d 952, 958 (6th Cir. 1947). However, Rule 15(d) "does not expressly require that leave to supplement be freely granted." *Sroka v. Wal-Mart Stores E. LP*, No. 2:16-CV-10149, 2018 WL 8621212, at * 3 (E.D. Mich. Apr. 9, 2018) (citing *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998)). *See also* Fed. R. Civ. P. 15(d). Under Rule 15, the Court may consider the following factors in deciding to grant a motion for leave to file a supplemental complaint: "undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019) (citing *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 805 (6th Cir. 2005) (involving motions to amend); *see also Target Corp. v. Seaman Corp.*, No. 5:18-CV-2783, 2020 WL 11859374, at *3 (N.D. Ohio July 27, 2020) (applying these factors to motion for leave to supplement).

Plaintiffs' Motion for Leave to File a Supplemental Pleading should be denied for several reasons. First, what Plaintiff proposes is not a supplemental complaint at all under the meaning of Fed. R. Civ. P. 15(d). Rather, the "Supplemental Complaint" consists of a highly inflammatory article—based in part on anonymous sources. Plaintiffs merely copied and pasted this article into pleading form. The article, which is offered to show the truth of the matters asserted therein, is inadmissible hearsay and should not be considered by this Court. *See Croce v. Sanders*, 843 F. App'x 710, 718 (6th Cir. 2021); Fed. R. Evid. 801(c).

Second, the article describes events that are alleged to have occurred *prior* to the filing of the First Amended Complaint, and *not* those "that happened after the date of the pleading to be supplemented," which is what Rule 15(d) requires. Fed. R. Civ. P. 15(d). The fact that the article itself may have been published after the First Amended Complaint is insufficient to place it under the purview of Rule 15(d). Moreover, Plaintiffs' request would be futile as the proposed amendment would not impact the outcome of the pending Motions to Dismiss.

Finally, Plaintiffs have filed their Motion for dilatory reasons and not in good faith. Liberty, together with other Defendants, will be unduly prejudiced if the Court permitted Plaintiffs to supplement in this way. Plaintiffs' "Supplemental Complaint" fails to provide evidentiary support for the allegations made in this case. Plaintiffs' tactic is improper under the Federal Rules of Civil Procedure and the Federal Rules of Evidence and Plaintiffs knew or should have known as much when they attempted it. It is nothing more than a desperate attempt to place an inflammatory and inadmissible article before the Court and to unjustifiably delay a case that is clearly ripe for dismissal. For these same reasons, the Court should strike the supplemental pleading from the record in this case pursuant to Federal Rule of Civil Procedure 12(f). In addition, Plaintiffs' conduct in filing the Motion for Leave to File a Supplemental Pleading is sanctionable under Fed.

R. Civ. P. 11(b). At the Court's discretion, monetary sanctions may be imposed. *See* Fed. R. Civ. P. 11(c)(3).

## III. Conclusion.

For all of the above reasons, the Court should deny Plaintiffs' Motion for Leave to File a Supplemental Pleading and strike the proposed Supplemental Complaint from the record in this case.

Dated: March 21, 2023

Respectfully submitted,

*/s/ Emily K. Anglewicz*
Ronald S. Kopp (0004950)
Rachael L. Russo (0070904)
Emily K. Anglewicz (0083129)
Lauryn T. Robinson (0101046)
**ROETZEL & ANDRESS, LPA**
One Cleveland Center – 10th Floor
1375 East Ninth Street
Cleveland, OH 44114
Phone: 216-623-0150
Fax: 216-623-0134
rkopp@ralaw.com
rrusso@ralaw.com
eanglewicz@ralaw.com
ltrobinson@ralaw.com

*Counsel for Defendant Gospel Light Mennonite Church Medical Aid Plan, Inc., d/b/a. Liberty HealthShare*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed with the Court on March 21, 2023 and served upon all parties by means of the CM/ECF system. Parties may access this filing through the Court's system.

*/s/ Emily K. Anglewicz*
Emily K. Anglewicz (0083129)
*One of the Attorneys for Defendant Gospel Light Mennonite Church Medical Aid Plan, Inc., d/b/a. Liberty HealthShare*