IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROCHELLE GLASGOW, et al.,** | ) | CASE NO. 5:21-cv-02001-DAR |
| | ) | |
| **Plaintiffs,** | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | **PLAINTIFFS' MEMORANDUM OF LAW** |
| | ) | **IN REPLY TO DEFENDANT GOSPEL** |
| **DANIEL J. BEERS, et al.,** | ) | **LIGHT MENNONITE CHURCH MEDICAL** |
| | ) | **AID PLAN, INC. d/b/a LIBERTY** |
| **Defendants.** | ) | **HEALTHSHARE'S OPPOSITION TO** |
| | ) | **PLAINTIFFS' MOTION FOR LEAVE TO** |
| | ) | **FILE SUPPLMENTAL PLEADINGS** |
| | | **PURSUANT TO RULE 15(D)** |

In response to Plaintiffs' Motion for Leave to File Supplemental Pleadings Pursuant to Rule 15(d) (ECF 96), Defendant Gospel Light Mennonite Church Medical Aid Plan, Inc. d/b/a Liberty Healthshare ("Liberty" or "Defendant") in one pleading filed three (3) meritless motions in opposition (ECF 98) ("Motions"). Each of the Motions is addressed below.

**I.      The Publication of the Article Is A Material Transaction, Occurrence, or Event**

Liberty first argues that Plaintiffs' Proposed Supplement Complaint (ECF 96-1) ("Proposed Supplemental Complaint") "is offered to show the truth of the matters asserted therein, is inadmissible hearsay and should not be considered by this Court." Motions at 4. Plaintiffs, however, are not required to plead evidence at this stage of the pleadings. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Fed. R. Civ. P. 15(d) ("Rule 15(d)") permits courts to grant leave to a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Liberty's only authority for its argument, *Croce v. Sanders*, 843 F. App'x 710, 718 (6th Cir. 2021), is wholly inapposite because the court was considering the admissibility of a news article offered to prove the truth of a statement at the summary judgment stage of proceedings.

The Proposed Supplemental Complaint sets out the publication of a plainly relevant article that occurred subsequent to the filing of Plaintiffs' First Amended Complaint (ECF 76) ("First Amended Complaint"). Furthermore, the exposé reports material transactions, occurrences, and the continuation of ongoing events subsequent to Plaintiffs' First Amended Complaint that shed additional light on Plaintiffs' allegations. For example:

> Until the end of 2022, [David Chalman] paid his $400 a month share because he worried that, if he left, Liberty would never reimburse him. Dozens of current and former members told ProPublica they felt stuck in this predicament, as Liberty executives had said in newsletters that the organization prioritized paying new bills for current members.
>
> ***
>
> Heidi Dunfield of Salt Lake City said that after Obamacare costs "went sky high," she signed her family up with Liberty. One year, she had more than $10,000 in bills sent to collections after her husband was seen for back problems and her daughter broke two limbs. Dunfield said she fought for months, calling Liberty repeatedly to get reimbursed. She is still waiting.
>
> ***
>
> What is clear is the state's attorneys didn't even entertain the argument that Dan Beers wasn't involved in running Liberty. In April 2021, the attorney general opened settlement talks with Beers, his sons Danny and Ronnie, and the Fabrises. Seven months later, a deal was struck, with that group agreeing to pay $6.4 million to the state, most of it intended to help Liberty members with their medical expenses. ***(The family has not yet made the $540,000 payment that was due in January [2023]. An attorney for Fabris and Beers said they are renegotiating the payment schedule.)***

Proposed Supplemental Complaint at 15, 18 (emphasis added).

The mere fact that the Proposed Supplemental Complaint also discusses events that transpired before the First Amended Complaint was filed or cites occasionally anonymous sources does not make supplementation improper. Indeed, the goal of Rule 15(d) is to establish a liberal policy favoring a merit-based resolution of the entire controversy between the parties, and the motion should be granted unless the nonmovant is able to demonstrate either bad faith, futility of claims, or undue prejudice. *See Hairston v. Bowerman*, No. 3:19-CV-37, 2020 WL 1140068 (N.D. Ohio Mar. 9, 2020); *Eison v. Kallstrom*, 75 F. Supp. 2d 113, 116 (S.D. N.Y. 1999).

Not one of the listed factors is present here. In place of concrete evidence showing the "dilatory reasons" for Plaintiffs' "bad faith," or for labeling the proposed Supplemental Pleading "inflammatory," Defendant instead blows a smokescreen of groundless and conclusory allusions. *See* Motions at 4. Neither does Defendant bother to explain what prejudice results from doing precisely what Plaintiffs announced they would do in the First Amended Complaint.[1] Defendant failed to address Plaintiffs' intention to submit the article in its motion for dismissal.

In looking beyond Defendant's smokescreen, the Court will find the following grounds for granting Plaintiffs' motion: (i) ¶127 specifically refers to the article's anticipated publication, (ii) since Plaintiffs' motion was filed just ten (10) days after the article was published, there is no basis for claiming "undue delay," and (iii) the article will aid the Court in reaching a just decision on the pending motions. Only granting Plaintiffs' motion will give them a full "opportunity to investigate the truth" of these allegations. *Carasalina, L.L.C. v. Bennett*, 2014 WL 7274354 at *7 (Court of Appeals of Ohio, 10th District, Franklin County, Dec. 23, 2014).

## II. Defendant's Motions to Strike and for Sanctions Are Baseless

Defendant also moves to strike the Proposed Supplemental Complaint as "nothing more than a desperate attempt to place an inflammatory and inadmissible article before the Court and to unjustifiably delay a case that is clearly ripe for dismissal." *See* Motions at 4. That there is no "pleading" in the record to strike is reason enough to deny Defendant's motion. If the Court does not find sufficient reason to grant what Plaintiffs seek, the Court may deny Plaintiffs leave to file the pleading. Rule 15(d); *Schuckman v. Rubenstein*, 164 F.2d 952, 958–59 (6th Cir. 1947) (the

---

[1] FN15 to ¶ 127 of the First Amended Complaint states: "Upon information and belief, ProPublica (an independent non-profit organization that produces investigative journalism in the public interest) plans to publish a two-part expose of Liberty's practices in the near future. If additional details pertaining to Plaintiffs' allegations are reported, they may seek leave to include the articles as supplemental exhibits to the First Amended Complaint."

3

granting of a motion to file a supplemental pleading is within the discretion of the trial court). Rather than simply oppose Plaintiffs' request for leave to file the Proposed Supplemental Complaint, Defendants have instead needlessly caused additional motion practice by improperly and prematurely moving to strike the Proposed Supplemental Complaint.

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." District courts have discretion in determining whether to grant a motion to strike. *See Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 480 (6th Cir.2003). However, "striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953) (citation omitted). These motions are viewed with disfavor and infrequently granted. *Powers v. Fifth Third Mortg. Co.*, No. 1:09-CV-2059, 2011 WL 3418290 (N.D. Ohio, Eastern Division, July 18, 2011), *report and recommendation adopted*, No. 1:09 CV 2059, 2011 WL 3423147 (N.D. Ohio Aug. 4, 2011).

As explained above, the Proposed Supplemental Complaint has a close nexus to the First Amended Complaint, and the article's publication occurred after the pleading was filed. The article also discusses events that transpired after the filing of the First Amended Complaint. Defendant has failed to articulate how the Proposed Supplemental Complaint is redundant, immaterial, impertinent, or scandalous matter, and has asked the Court to apply an incorrect standard of evidence to the pleadings. Motions at 4.

Finally, Fed. R. Civ. P. 11(c)(2) imposes procedural requirements on requests for sanctions that were wholly ignored by Liberty in making its request for fees:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or

4

appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Here, Defendant (i) failed to move for sanctions separately from the other Motions, and (ii) failed to comply with Fed. R. Civ. P. 5 in the process. As such, Liberty's motion for fees is itself sanctionable and should be denied. *Patterson v. United Healthcare Ins. Co.*, 541 F. Supp. 3d 812, 816 (N.D. Ohio 2021) (sanctioning counsel for failing to serve a request for sanctions prior to filing and thereby attempting to "avoid the safe harbor's prohibition against presenting any paper threatening sanctions to the Court.") (citing Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("[T]he filing of a motion for sanction is itself subject to the requirements of the rule and can lead to sanctions.")).

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' leave to file their proposed First Supplemental Complaint and deny Defendant's Motions to Strike and for Sanction.

DATED: March 28, 2023   Respectfully Submitted,

**LAW OFFICE OF GEORGE W. COCHRAN**

/s/ *George W. Cochran*
George W. Cochran (0031691)
1981 Crossfield Circle
Kent, OH 44240
Telephone: (330) 607-2187
Facsimile: (330) 230-6136
lawchrist@gmail.com

**JOHNSON FISTEL, LLP**

MICHAEL I. FISTEL, JR. (admitted *pro hac vice*)
WILLIAM W. STONE (admitted *pro hac vice*)
OLIVER S. TUM SUDEN (admitted *pro hac vice*)
40 Powder Springs Street

Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (770) 200-3101
MichaelF@johnsonfistel.com
WilliamS@johnsonfistel.com
OliverT@johnsonfistel.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses noted on the Electronic Mail Notice List.

*/s/ George W. Cochran*
George W. Cochran (0031691)
